08-2301-cv
*Winkler v. Grant*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of March, two thousand ten.

PRESENT:

> RALPH K. WINTER,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*
> LEWIS A. KAPLAN,[*]
> > *District Judge.*

---

MARC WINKLER,
> *Plaintiff-Appellant*,

    v.                        08-2301-cv
                                                 Summary Order

MATTHEW GRANT, both individually and as an employee of Ontario County DSS, HOLLY ADAMS, both individually and as an Attorney for Ontario County DSS, JESSICA PICCHI, both individually and as a employee of Ontario County DSS, WAYNE SCHOONMAKER, both individually and as an employee of Ontario County DSS, JANE LYNCH, both individually and as an employee of Ontario County DSS, ROBERT KRAMER, both individually and as an employee of Ontario County DSS, EILEEN TIBERIO, both individually and as an employee of Ontario County DSS, CRAIG DORAN, individually and in official capacity as Justice of the Family

---

[*]Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

Court of Ontario County, New York, ONTARIO COUNTY DEPARTMENT OF SOCIAL SERVICES,
                                    *Defendants-Appellees*.

Mark Winkler, *pro se*, Rochester, NY, *for Plaintiff-Appellant*.

John W. Park, Ontario County Attorney; Michael G. Reinhardt, Assistant County Attorney; Canandaigua, NY, *for Defendant-Appellee Doran*.

Andrew M. Cuomo, Attorney General of the State of New York; Barbara D. Underwood, Solicitor General; Nancy A. Spiegel, Senior Assistant Solicitor General; Julie M. Sheridan, Assistant Solicitor General; Albany, NY, *for Defendants-Appellees Grant, Adams, Picchi, Schoonmaker, Lynch, Kramer, Tiberio, and Ontario Country Department of Social Services*.

Appeal from a judgment and order of the United States District Court for the Western District of New York (Telesca, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED in part and VACATED and REMANDED in part.

Appellant Marc Winkler, *pro se*, appeals the district court's orders dismissing his 42 U.S.C. § 1983 claims and denying his motions for reconsideration and to seal the case. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). "To survive a motion to dismiss, a complaint must plead 'enough

facts to state a claim for relief that is plausible on its face.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir.2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although all allegations contained in the complaint are assumed to be true, this tenet "is inapplicable to legal conclusions." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949) (internal quotation marks omitted). Meanwhile, we review a district court's decisions regarding Rule 59(e) and Rule 60(b) motions for abuse of discretion. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998) (Rule 60(b)); *Baker v. Dorfman*, 239 F.3d 415, 422 (2d Cir. 2000) (Rule 59(e)). Here, an independent review of the record and relevant case law reveals that the district court properly dismissed Winkler's claims and denied reconsideration of that dismissal. Except as noted below, we affirm for substantially the same reasons stated by the district court in its thorough April 8, 2008 and August 12, 2008 orders.

To the extent that Winkler sought injunctive relief in his 42 U.S.C. § 1983 claims against Defendant Doran, we note that § 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Because Winkler did not allege that a declaratory decree was violated or that declaratory relief was unavailable, his complaint failed to state a claim upon which relief could be granted.

With respect to Winkler's due process claims based on the removal of his newborn child by

the Department of Social Services, we note that, in *Tenenbaum v. Williams*, this Court held that a parent and child may state a procedural due process claim based on an emergency removal without pre-deprivation judicial authorization if, based on the facts, a "properly instructed jury could conclude that at the time the caseworkers decided to remove [the child], there was reasonably sufficient time, entirely consistent with [the child's] safety, to seek a court order," since "[i]f there was reasonably sufficient time, there was no emergency." 193 F.3d 581, 595 (2d Cir. 1999). This Court further held that while the parents and child in *Tenenbaum* had a substantive due process claim to remain together without the coercive influence of the state, their substantive due process rights were not violated because the temporary separation, in an effort to obtain assurance that the child had not been abused, was not "so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it." *Id.* at 600.

Here, the district court properly concluded that Winkler failed to state a claim that his due process rights had been violated by the removal of his three-day-old infant. Winkler correctly points out that the district court erred in finding that R.W. was removed on June 9, 2004, since he alleged in his complaint that the infant was removed on June 8. Nonetheless, Winkler's complaint failed to state a plausible claim for relief, in that it contained only a conclusory allegation that exigent circumstances were not present when the child was removed, which the district court was not obligated to credit. *Mills*, 572 F.3d 66, 72 .

Finally, we note that Winkler challenges the district court's denial of his requests that the portions of the record containing his minor children's names be sealed or redacted to protect their privacy. This Court reviews a district court's decision on whether to order the sealing of a record for abuse of discretion. *See DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

4

Federal Rule of Civil Procedure 5.2(a) provides that: "[u]nless the court orders otherwise, in an electronic or paper filing with the court that contains . . . the name of an individual known to be minor . . . a party or nonparty making the filing may include only: . . . (3) the minor's initials."

The record currently includes a few exhibits listing the children's names in unredacted form, and numerous other exhibits where the names are not sufficiently redacted to prevent a reader from discerning them. In denying Winkler's motion to seal, the district court appears to have overlooked those instances where the children's names appear in unredacted or otherwise still legible form. We therefore vacate the district court's denial of Winkler's motion to seal the case, so that the court may take appropriate action to protect the identities of minors currently named in the record.

We have considered all of Winkler's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment and order of the district court, with the exception of the district court's denial of Winkler's most recent motion to seal the case, which is VACATED and REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk